# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1573V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
GARY L. LARSON,                    *
                                   *
                Petitioner,        *       Filed: March 28, 2019
                                   *
        v.                         *
                                   *
SECRETARY OF HEALTH AND            *       Entitlement; Decision by Proffer; Damages;
HUMAN SERVICES,                    *       Influenza ("Flu") Vaccine; Guillain-Barré
                                   *       syndrome ("GBS").
                                   *
                Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Glen Howard Sturtevant, Jr.*, Rawls Law Group, Richmond, VA, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 20, 2017, Petitioner Gary Larson filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on October 23, 2014.[3] Petition, ECF No. 1.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This case was assigned to now-retired Special Master Hastings (ECF No. 6), reassigned to Special Master Corcoran on September 20, 2017 (ECF No. 27), and then reassigned to my docket on December 7, 2017 (ECF No. 21).

On September 17, 2018, Respondent filed a Rule 4(c) Report ("Respondent's Report") in which he conceded that Petitioner is entitled to compensation for his claim of GBS. Respondent's Report, ECF No. 17. Specifically, Respondent stated that the medical evidence demonstrates Petitioner has "satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")." *Id*. at 8. Accordingly, Respondent concluded that Petitioner is entitled to an award of damages limited to Petitioner's "GBS and its related sequelae only." *Id*.

In light of Respondent's concession, I issued a Ruling on Entitlement on September 18, 2018. ECF No. 18. I subsequently ordered the parties to inform the Court on their progress towards resolving damages. *See* Damages Order, ECF No. 19.

Respondent filed a proffer on March 27, 2019 (ECF No. 27), agreeing to issue the following payments:

      a. a lump sum payment of **$60,000**.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $60,000.00, in the form of a check payable to Petitioner, Gary L. Larson**. The clerk of court is directed to enter judgment in accordance with this decision.[4]

      **IT IS SO ORDERED.**

                               **/s/ Katherine E. Oler**
                               Katherine E. Oler
                               Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

GARY L. LARSON,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 17-1573V

Chief Special Master Dorsey

ECF

### PROFFER ON AWARD OF DAMAGES

On October 20, 2017, Gary L. Larson ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to

compensation in his Rule 4(c) Report filed on September 17, 2018. Based on Respondent's Rule

4(c) Report the Chief Special Master found petitioner entitled to compensation.

### I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$60,000.00, which represents all elements of compensation to which petitioner would be entitled

under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### II.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment of **$60,000.00**, in the form of a check made payable to petitioner. [1]

Petitioner agrees.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the
Court for appropriate relief. In particular, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering.

1

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

 s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1586

Date:   March 27, 2019